IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO.  14-08712 (ESL) |
| JESUS JOEL BARRETO BARRETO | CHAPTER  7 |
| Debtors | |
| JESUS JOEL BARRETO BARRETO, Noreen Wiscovitch Rentas, Chapter 7 Trustee on behalf of the estate. | ADV. PROC.  16-0172 |
| Plaintiff(s) | |
| vs. | |
| COOPERATIVA DE AHORRO Y CREDITO DE AGUADILLA | |
| Defendant | |

OPINION AND ORDER

This adversary proceeding is before the court upon the plaintiff's motion for summary judgment filed by the chapter 7 trustee ("trustee" or "plaintiff") and the opposition thereto filed by the Cooperativa de Ahorro y Crédito de Aguadilla ("Cooperativa" or "defendant"). Plaintiff alleges in the complaint that the payment made by the debtor to the defendant in the amount of $6,510.00 on September 5, 2014 is voidable under 11 U.S.C §§ 547 and 548  as a preferential or fraudulent transfer.  In the motion for summary judgment plaintiff contends that the uncontested facts show that the payment meets the requirements of section 547 and that therefore, judgment should be entered as a matter of law.  The defendant opposes the motion on the grounds that the payment was not made from debtor's funds but from monies lent by his sister on the specific condition that the same be used to pay the amounts owed to defendant as a result of a criminal restitution order in a criminal case before the courts of Puerto Rico. According to the defendant the earmarking doctrine provides an equitable defense to a preference action.

-1-

**Jurisdiction**

This court has subject matter jurisdiction under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

**Uncontested Facts**

1. On September 5, 2014, the Debtor purchased a manager's check from Banco Cooperativo de Puerto Rico, check #152431, payable to the order of Cooperativa de Ahorro y Crédito de Aguadilla for the amount of $6,510.00.

2. On October 23, 2014 the Debtor filed the instant chapter 7 petition.

3. The defendant received the transfer of money on behalf of a criminal restitution order.

4. The transfer occurred within the 90-day period in section 547.

**Contested Facts**

1. The transfer would allow Defendant to receive more than it would under a Chapter 7 liquidation. See discussion below concerning the applicability of the earmarking doctrine to a preference action.

2. The source of the moneys to purchase the manager's check from Banco Cooperativo de Puerto Rico came from moneys lent to the Debtor by his sister, Ms. Yerlyn Barreto Barreto, conditioned that they be used to pay off the criminal restitution to Cooperativa de Ahorro y Crédito de Aguadilla.

Defendant has alleged that the debtor plead guilty to four (4) charges under Article 192 of the Penal Code as part of a plea-bargain in the case of Pueblo v. Jesus Barreto, Case No. ISRC201401329, and as a result was obligated to pay restitution in the amount of $6,510.00. Article 192 of the Penal Code, 33 L.P.R.A. § 4820 (Larceny) provides that "[a]ny person who without violence or intimidation illegally takes personal property belonging to another shall commit the crime of larceny and shall incur a misdemeanor. The court shall also impose the

restitution." Although no specific evidence has been submitted in support of this fact, the same has not been contested. Thus, the court considers the same as uncontested. However, the second part of the proposed fact, that the monies were lent by his sister conditioned that the same be used to pay for the criminal restitution does not find support in the record nor in the sworn statement submitted by debtor's sister.

Debtor included Cooperativa in Schedule D, Creditors Holding Secured Claims, in the amount of $17,967.86, secured with shares in the amount of $3,339.06. Cooperativa filed proof of claim number 2 in the amount of $17,302.79, of which the amount of $3,339.06 is secured by shares. The statement of affairs discloses in paragraph 3 that debtor paid Cooperativa on September 5, 2014 the amount of $6,510.00. There is no mention of the reason for the payment.

The sworn statement, in Spanish, submitted by debtor's sister declares in paragraph three (3) that her brother owed Cooperativa the amount of $6,510.00 on account of a loan and in paragraph four (4) that the debt was paid to Cooperativa from monies lent to her brother. There is no mention of any specific qualification for the use of the money.

### Standard for Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; see also, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a

-3-

question of law is involved." Wright, Miller & Kane, Federal Practice and Procedure, 3d, Vol 10A, § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202–203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205–206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to

making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560–61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958, 111 S.Ct. 387, 112 L.Ed.2d 397 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325, 106 S.Ct. 2548. See also Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also, Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159, 90 S.Ct. 1598.

There are relevant material facts in controversy concerning the issues before this court, that is, whether the payment made to Cooperativa de Ahorro y Crédito de Aguadilla constitutes a preferential transfer and whether the earmarking doctrine applies in this case to protect the recipient from voiding the transfer.

**Preferential Transfers pursuant to 11 U.S.C. § 547**

Section 547(b) empowers the trustee to avoid certain prebankruptcy transfers which are considered "preferences" if the Trustee proves all of the elements of an alleged preference claim pursuant to 11 U.S.C. § 547(b). Section 547(g)2 establishes that the Trustee has the burden of proving by a preponderance of the evidence all of these elements. See 11 U.S.C. § 547(g); See Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶ 547.13 (16th ed. 2016); Warsco v. Preferred Tech Group, 258 F.3d 557, 564 (7th Cir. 2001). Thus, in order to prevail on a motion for summary judgment, the Trustee must establish that there is no genuine issue of material fact regarding each element of the preference claim. See Williams v. McKesson Corp. (In re Quality Infusion Care, Inc.), 2013 WL 6189948, 2013 Bankr. Lexis 5044 (Bankr. S.D. Tex. 2013) citing Goodman v. Ferro Mgmt., Inc. (In re Gulf Fleet Holdings, Inc.), 2013 WL 3230433, 2013 Bankr. Lexis 2663 (Bankr. W.D. La. 2013). There are two purposes behind the avoidance of preferential transfers; namely; (i) to discourage creditors from racing to the courthouse and dismember the debtor's assets and (ii) most importantly to further the bankruptcy policy of equality of distribution amongst the debtor's creditors. See Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶ 547.01 (16th ed. 2016).

Section 547(b) provides that:

"Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—
        (A) on or within 90 days before the date of the filing of the petition; or
        (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if—
        (A) the case were a case under chapter 7 of this title;
        (B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title." 11 U.S.C. § 547(b).

If the trustee fails to prove all of the elements of a preference claim pursuant to section 547(b), the defendant transferee does not need to prove that it falls within one of the statutory exceptions under section 547(c). However, even if the trustee proves all of the elements of a preference claim, the transfer may not be avoided if the defendant transferee proves by preponderance of the evidence that the transfer satisfies one of the exceptions pursuant to 11 U.S.C. § 547(c). See Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶ 547.04 (16th ed. 2016); *314 Burtch v. Revchem Composites, Inc. (In re Sierra Concrete Design, Inc.), 2015 WL 4381571, at *5, 2015 Bankr. Lexis 2344, at *16 (Bankr. D. Del. 2015).

The first element that the Trustee must prove under section 547(b)(1) is that the transfer was "to or for the benefit of a creditor." A transfer is only preferential if what was transferred constituted an interest of the debtor in property. See 11 U.S.C. § 101(54D). "As the explicit language of the Bankruptcy Code makes clear, however, the transfer need not be made directly by the debtor; indirect transfers made by third parties to a creditor on behalf of the debtor may also be voidable under the Code." Warsco v. Preferred Tech. Group, 258 F.3d at 564 quoting Dean v. Davis, 242 U.S. 438, 443, 37 S.Ct. 130, 61 L.Ed. 419 (1917) ("Mere circuitry of arrangement will not save a transfer which effects a preference action from being invalid as such").

Section 101(10)(A) defines the term "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10). Section 101(5) defines the term "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured." 11 U.S.C. § 101(5).

-7-

Restitution payments due to a debtor's criminal actions are recoverable as a preference under section 547(b) of the Bankruptcy Code. In re Davis, 584 B.R. 230, 234 (Bankr. E.D. Tenn. 2018). The funds transferred in In re Davis were embezzled funds in the debtor's possession and the debtor had discretion to spend the same. Although the facts in the case before the court are different, the principle that restitution payments may be recoverable as a preferential transfer is adopted by this court and applied to the facts of this case.

The critical issues in this case are whether the transfer to the defendant creditor by the debtor with funds obtained from moneys loaned by his sister is voidable as a preference because it allowed defendant to receive more than it would under a Chapter 7 liquidation, and if the payment is excepted from avoidance by the earmarking doctrine.

Although there are relevant facts in controversy which warrant the denial of the motion for summary judgment and the applicability of the earmarking doctrine at this juncture, the court will discuss the same to simplify a decision on the merits.

## The Earmarking Doctrine

The earmarking doctrine is a judicially created equitable exception to preference provisions of section 547(b), based on what constitutes property of the debtor under section 541, in order to determine if the preferential transfer allowed the creditor to receive more than it would receive if the case were a case under chapter 7 of the Bankruptcy Code. In re EUA Power Corporation, 147 B.R. 634, 640 (Bankr. D.N.H. 1992); In re Neponset River Paper Company, 231 B.R. 829 (1st Cir. BAP 1999); In re Loggins, 513 B.R. 682, 701 (Bankr. E.D. Tex. 2014). If the funds transferred were never under the control of the debtor, then the payment is not a preference as the money was never subject to an equitable interest of the debtor and cannot be considered property of the estate under section 541. In re EUA Power Corporation, 147 B.R. 640. See: Tabb, *Law of Bankruptcy*, Third Edition, 2013, § 6.11; *5 Collier on Bankruptcy*, ¶ 547.03[2][a], Alan N. Resnick & Henry J. Sommer es., 16th ed. 2017).

In re Loggins provides an excellent analysis of the applicability of the earmarking doctrine to a preference action. The test to determine if a preference has occurred is not what the creditor

receives but what the debtor's estate has lost. 513 B.R. 697.The decision states that there can be no preference if the debtor transfers property in which the debtor has no equitable interest. 513 B.R. 700. The earmarking doctrine is premised on the fact that funds provided to the debtor to pay a specific indebtedness are not recoverable as a preference because the funds were never property of the debtor, so the transfer does not disadvantage any creditor. 513 B.R. 702. The Panel in In re Neponset River Paper Co. declined to apply the earmarking doctrine finding that the debtor had control and authority over the disposition of the funds and the transfer diminished the debtor's estate. See In re Bankvest Capital Corp., 374 B.R. 333, 344 (Bankr. S.D. Fla. 2007).

In order for the trustee to establish that the receiving creditor (Cooperativa) "received more as a result of the alleged preferential transfer than it would have received in a chapter 7 liquidation" a "hypothetical chapter 7 distribution analysis" must be filed of made part of a motion for summary judgment. In re Loggins, 513 B.R. 706. The plaintiff has proposed the following uncontested finding of fact: "The transfer would allow defendant to receive a distribution greater that it would receive in the chapter 7 liquidation." This finding of fact is supported by the chapter 7 trustee's sworn statement that "[a]s Chapter 7 Trustee for the Bankruptcy Estate of Jesus Barreto, it is my understanding that the aforementioned payment would enable Defendant to receive more money than she would receive under a distribution if the payment had not been made." Such a conclusory statement does not, by itself, meet the requirement that as a result of the alleged preferential transfer the creditor will receive more money than it would have received in a chapter 7 liquidation, and is no adequate substitute for a chapter 7 distribution analysis .

As a judicially created equitable exception, its application must be narrowly construed. In re Loggins, 513 B.R. 701. However, see Michael Benzaki, *Accepting the Earmarking Doctrine: Courts Should Accept This Defense to Preference Actions in Connection with Credit Card Transfers*, 24 A. Bankr. Inst. L. Rev. 473 (2016), proposing that a liberalized standard should be used by the courts when analyzing the earmarking doctrine. The main purpose of the earmarking doctrine is to protect third party recipients and not the debtor or insiders of the debtor. In re EUA Power Corporation, 147 B.R. 643. Should the facts in this case ultimately show that,

-9-

even if the funds belonged to an insider, as the term is defined in section 101(31)(A)(1), as it was debtor's sister who lent the funds to the debtor, the same were lent exclusively for the specific purpose of paying to Cooperativa moneys owed as a result of a criminal restitution, the earmarking doctrine may be applicable as the party that benefitted from the transfer was a third party, not an insider.

Equity in bankruptcy has been generally related to the "fresh start" principles, Grogan v. Garner, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Section 105(a) of the Bankruptcy Code, which allows bankruptcy judges to issue orders that are necessary or appropriate to carry out the provisions of the Code, has been used as the basis to claim equitable powers in bankruptcy, Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007). This was the rule in the First Circuit after Marrama. See Malley v. Agin, 693 F.3d 28 (1st Cir. 2012). The rule has been admittedly limited to exercising equitable powers to facilitate other code provisions and not a roving commission to do equity. In re Ludlow Hospital Society, Inc., 124 F.3d 22 (1st Cir. 1997). See also In re Nosek, 544 F.3d 34 (1st Cir. 2008). However, the legal scenario changed in 2014. Change in bankruptcy is not a strange concept. As stated by the Supreme Court in Wright v. Union Central Life Ins. Co., 304 U.S. 502, 513, 58 S.Ct. 1025, 82 L.Ed. 1490 (1938): "[t]he subject of bankruptcies is incapable of final definition. The concept changes."

The court acknowledges that after the Supreme Court's opinion in Law v. Siegel, 571 U.S. 415, 134 S.Ct. 1188, 188 L.Ed.2d 146 (2014), its equitable powers have been significantly diminished. After Law v. Siegel, the equitable powers of the bankruptcy courts, to the extent they existed, have been diminished or restricted whenever exercising such equitable powers contravenes specific statutory provisions. Law v. Siegel, making reference to the Supreme Court's decision in Marrama, specifically did not endorse "the view that equitable considerations permit a bankruptcy court to contravene express provisions of the Code." This change was acknowledged by the First Circuit in U. S. v. Ledee, 772 F.3d 21, 29 n. 10 (1st Cir. 2014). The First Circuit noted

-10-

that "the Supreme Court's ruling does not restrict the bankruptcy court's discretion concerning amendments unrelated to exemptions ..."

The First Circuit Court of Appeals addressed the subject of claims of equitable relief in the bankruptcy courts in In re Oak Knoll Associates, L.P., 835 F.3d 24 (1st Cir. 2016), and held that:

> Congress has given bankruptcy courts the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). We have cautioned, however, that this does not give bankruptcy courts "a roving writ, much less a free hand" to provide equitable relief. In re Jamo, 283 F.3d 392, 403 (1st Cir. 2002). Rather, this statute "may be invoked only if, and to the extent that, the equitable remedy dispensed by the court is necessary to preserve an identifiable right conferred elsewhere in the Bankruptcy Code." Id.

See also In re Lopez Llanos, 578 B.R. 700, 707 (Bankr. D. P.R. 2017).

After considering the limitations on applying equity in bankruptcy, the court concludes, as did Judge James E. Yacos in In re EUA Power Corporation, that the earmarking doctrine is valid and does not contravene any express provision of the Bankruptcy Code. The judicially created earmarking doctrine balances the express provisions in section 541, property of the estate, and section 547, preferences.

### Conclusion

In view of the foregoing, the plaintiff's motion for summary judgment is hereby denied as there are relevant facts in controversy to determine whether the payment made to Cooperativa de Ahorro y Crédito de Aguadilla constitutes a preferential transfer because it would allow defendant to receive more than it would under a Chapter 7 liquidation and whether the earmarking doctrine applies in this case to protect the recipient from voiding the transfer.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7th day of November 2018.

Enrique S. Lamoutte
United States Bankruptcy Judge